IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY AARON BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-1205-JDT-egb |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTIONS TO RECONSIDER AND FOR STATUS

The *pro se* prisoner Plaintiff, Timothy Aaron Baxter, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 9, 2013, the Court dismissed Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). (ECF No. 13 at 5-8.) The Court then declined to exercise supplemental jurisdiction over the state-law claims brought pursuant to the Tennessee Governmental Tort Liability Act (TGTLA), Tennessee Code Annotated § 29-20-205, dismissing those claims without prejudice. (*Id.* at 8-9.)[1]

On February 3, 2017, Plaintiff filed a motion for reconsideration (ECF No. 22), which the Court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff states that following the dismissal of this case and his appeal he re-filed the case in the Madison County Circuit Court, attempting to revive his claims against the State of Tennessee

---

[1] Plaintifff filed a timely notice of appeal. (ECF No. 18.) The Sixth Circuit subsequently denied leave to appeal *in forma pauperis,* stating the case was properly dismissed and ordering Plaintiff to pay the entire appellate filing fee. *Baxter v. State of Tennessee*, No. 13-6240 (6th Cir. Mar. 14, 2014) (order denying leave to appeal *in forma pauperis*). When Plaintiff failed to comply, the appeal was dismissed for want of prosecution. *Id.* (Apr. 29, 2014, order dismissing appeal).

and Madison County pursuant to the Tennessee savings statutes, Tennessee Code Annotated §§ 28-1-115 and 28-1-105. However, like this Court, the state trial court dismissed the claims against the State of Tennessee on the basis of sovereign immunity. Plaintiff's TGTLA claims against Madison County were dismissed as time barred.

On appeal the Tennessee Court of Appeals affirmed. *Baxter v. State of Tennessee*, No. W2015-00078-COA-R3-CV, 2015 WL 9946302 (Tenn. Ct. App. Aug. 10, 2015). The Court of Appeals held that the Tennessee savings statutes could not save Plaintiff's untimely TGTLA claims because those statutes do not apply to governmental entities. *Id.* at *3. The appellate court further held the remaining claims were properly dismissed for failure to state a claim.[2] *Id.* at *4.

In his motion for reconsideration, Plaintiff argues that the state-court decisions holding that his claims are time barred are inequitable. He contends the state courts applied a "different rule where a suit is filed in federal rather than state court in the first instance." (ECF No. 22 at 5.) Therefore, Plaintiff asks the Court to reinstate this case and exercise supplemental jurisdiction over his TGTLA claims.

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)    fraud . . . , misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released, or discharged; it is based

---

[2] In so holding, the Tennessee Court of Appeals noted that the TGTLA does not remove sovereign immunity for claims brought against the State of Tennessee, citing the TGTLA's definition of "governmental entity." *Id.*

> on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Plaintiff's motion for reconsideration does not fit within subsection (1) of Rule 60(b), as he is not arguing that *this* Court committed legal error; rather, his argument is that the *state court* decisions were unfair. Neither does his argument fit within subsections (2) through (5).

Subsection (6) of Rule 60(b) authorizes relief only "in exceptional or extraordinary circumstances" that are not covered under subsections (1)-(5). *See Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985). "Exceptional circumstances" under Rule 60(b)(6) means "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff's circumstances, in which he merely seeks to undo the decisions of the state courts, do not present the type of unusual or extreme situation justifying relief under Rule 60(b)(6).

The Court finds nothing in Plaintiff's motion that justifies granting relief under Rule 60(b). Therefore, the motion for reconsideration is DENIED. The motion for status is now MOOT.

3

Pursuant to 28 U.S.C. § 1915(a)(3), the Court again CERTIFIES that an appeal would not be taken in good faith.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE